IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony Lockhart, | ) C/A: 2:13-1345-MGL-BHH |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections; Lieber CI, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Anthony Lockhart, ("Plaintiff"), is a state prisoner in the Broad River Correctional Institution of the South Carolina Department of Corrections in Columbia, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Plaintiff "present[s] this claim for damages in accordance with the S.C. Tort Claims Act against the S.C. Department of Correction, Lieber C.I. in the amount of $177.72," in connection with the loss of Plaintiff's personal property, including food, clothing, legal materials, a cooking bowl, an earphone, and coaxial cable. *See* Complaint, ECF No. 1, p. 2-5. Plaintiff alleges that his personal property was taken or misplaced after he was placed in the administrative segregation unit at Lieber Correctional Institution, on April 26, 2012, prior to his transfer to Broad River Correctional Institution, on May 14, 2012. *Id.* Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(I), (ii) and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### DISCUSSION

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court, and the United States Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *See Alden v. Maine*, 527 U.S. 706, 712-13 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. La.*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *see also Regents of the University of Cal. v. Doe*, 519 U.S. 425, 429 (1997). While sovereign immunity does

not bar suit when a state has given consent to be sued, or when Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. Congress has not abrogated the states' sovereign immunity under 42 U.S.C. § 1983.[1] *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). Further, the state of South Carolina has not consented to suit in federal district court. *See* S.C. Code Ann § 15-78-20(e).

Section 15-78-20(e) of the South Carolina Code of Laws Annotated, a statute in the South Carolina Tort Claims Act (S.C. Code. Ann. § 15-78-10, *et seq.*), expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). *Cf. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Plaintiff's Complaint seeking monetary damages in this court pursuant to the S.C. Tort Claims Act is subject to summary dismissal based on the Eleventh Amendment's grant

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

of sovereign immunity to the State of South Carolina and its integral parts. *See Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 684 (1982) (state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Mt. Healthy City Board of Ed. V. Doyle,* 429 U.S. 274, 280 (1977) (same); *Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (same). Defendant South Carolina Department of Corrections ("SCDC") is an agency of the State of South Carolina and Defendant Lieber Correctional Institution ("LCI") is an institution operated by SCDC.

Even if Plaintiff's Complaint were liberally construed as asserting a claim under § 1983 for violation of the Due Process Clause of the Fourteenth Amendment, this court would lack jurisdiction in this case. The Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir.1995). Thus, to the extent Plaintiff complains of negligent conduct by Defendants, he cannot bring this action in this court under § 1983. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) ("[t]he Due Process Clause of the Fourteenth Amendment ... does not transform every tort committed by a state actor into a constitutional violation"). Even an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the

plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals).

Plaintiff has a meaningful remedy under South Carolina law to obtain relief for Defendants' alleged loss of Plaintiff's personal property, by bringing an action against the State of South Carolina in state court, pursuant to the South Carolina Tort Claims Act, S.C. Code § 15-78-10 et seq. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *see also Hudson v. Palmer*, 468 U.S. at 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); *Yates v. Jamison*, 782 F.2d 1182, 1183-184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).[2]

Moreover, as noted above, a § 1983 claim must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities

---

[2] *Yates* has been partially overruled for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). However, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

5

secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Defendants South Carolina Department of Corrections and Liber Correctional Institution are not "persons" subject to a § 1983 claim. Consequently, the alleged deprivation of Plaintiff's personal property by these two Defendants is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's Complaint fails to allege any facts which establish that this court may exercise its limited jurisdiction over Defendants, fails to state a claim upon which relief may be granted by this court, and seeks monetary relief against Defendants who are immune from such relief in this court.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

June 17, 2013  
Charleston, South Carolina

s/Bruce Howe Hendricks  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).